UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THEODORE LEE SMITH,

    Plaintiff,

v.                                           Case No. 3:16cv718-MCR-CJK

PATE STEVEDORE
COMPANY, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the court is plaintiff's second amended complaint. (Doc. 7). The case was referred to the undersigned for preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons that follow, the undersigned recommends that this case be dismissed.

Plaintiff initiated this action on December 30, 2016. (Doc. 1). In the initial complaint, plaintiff sought damages under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), alleging the defendants' negligence led to a work-related injury. *See Howlett v. Birkdale Shipping Co.*, 512 U.S. 92, 96 (1994) (The Longshore Act "establishes a comprehensive federal workers' compensation program that provides longshoremen and their families with medical, disability, and survivor benefits for work-related injuries and death. The injured longshoreman's

employer—in most instances, an independent stevedore—must pay the statutory benefits regardless of fault, but is shielded from any further liability to the longshoreman.") (citations omitted). He attempted to avoid the Longshore Act's grant of tort immunity to employers by claiming Pate was a vessel owner and this action was a "section 905(b) third-party lawsuit."[1] (Doc. 1, p. 9). The court advised plaintiff he could not state a claim for relief because: (1) he had not alleged facts suggesting Pate violated any duty in its capacity as a vessel owner; and (2) section 905(b) expressly provides that no cause of action "shall be permitted" when the injury is caused "by the negligence of persons engaged in providing stevedoring

---

[1] Section 905(b) provides:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person . . . may bring an action against such vessel as a third party . . . , and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel.

33 U.S.C. § 905(b); *see also Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 787-88 (9th Cir. 2007) ("Pursuant to § 905(a), an employee may not recover in tort for the negligence of his *employer*; rather, he is entitled to statutory payments. However, § 905(b) allows an employee to recover for the negligence of a *vessel owner*[.]"). "When the vessel owner and the employer are the same entity, an employee may recover for negligence if the negligence was that of the employer acting in its capacity as a vessel owner, not as an employer." *Scheuring*, 476 F.3d at 788 (*citing Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 531 n.6 (1983)); *see also Roach v. M/V Aqua Grace*, 857 F.2d 1575, 1579 (11th Cir. 1988) ("The dual capacity doctrine creates common law and/or statutory liability on the part of an employer who normally enjoys immunity under the exclusive remedy provisions of worker's compensation laws, when the employer acts in a capacity outside the employer-employee relationship.").

Case No. 3:16cv718-MCR-CJK

services to the vessel." Thus, the court directed plaintiff to clarify his allegations in an amended complaint. (Doc. 4).

The amended complaint named the same 4 defendants as the original complaint: plaintiff's former employer, Pate Stevedore Company, Inc. ("Pate"); Pate's insurance carrier, American Interstate Insurance Company ("AIIC"); Dr. Stephen Slobodian; and Dr. Slobodian's employer, West Florida Hospital. (Doc. 5). The amended complaint set forth the factual allegations that follow.

Plaintiff previously worked as a longshoreman for Pate. On August 23, 2014, plaintiff was involved in an accident while unloading a vessel. The son of Pate's owner negligently ordered Pate's crane operator to lift a crane located on the vessel. When the operator raised the crane, it lifted plaintiff's right leg off the ground and pinned the leg between 4 to 5 tons of lumber for 4 minutes. Plaintiff asserts the accident permanently injured his back.

Plaintiff criticizes the medical attention he received after the accident. On December 15, 2014, plaintiff visited Dr. Stephen Slobodian, but the visit lasted only 15 minutes and led to a "very bitter confrontation" between plaintiff and the doctor. Plaintiff says Dr. Slobodian violated plaintiff's privacy rights and did not perform a proper examination. Plaintiff claims Pate and AIIC used Dr. Slobodian's "fraudulent" evaluation to avoid paying compensation for the back injury. He also claims AIIC prevented him from exercising his right under the Longshore Act to

select a physician.  *See* 33 U.S.C. § 907(b) ("The employee shall have the right to choose an attending physician authorized by the Secretary to provide medical care under this chapter as hereinafter provided.").

In the Statement of Claims section of the complaint form, plaintiff said the defendants violated: (1) his rights "to statutory benefit for 2½ years"; (2) his rights "to his 1-time initial free choice physician under the [Longshore Act] for 14 months till [the Department of Labor] compelled"; and (3) his rights "to provide [him] with a sign choice physician form for 1 year 11 months and 14 days."  He also stated: (1) Dr. Slobodian filed a fraudulent injury report on plaintiff's workers' compensation claim; (2) "insurance adjuster Ms. Peggy Evans" breached an unspecified contract by filing the fraudulent injury report on plaintiff's claim; (3) Pate "illegally stopped" plaintiff's "worker's comp without any maximum medical improvement"; (4) Pate "committed fraud [and] embezzlement" by "terminating [plaintiff's] worker's comp while [Pate] secretly hid [and] concealed 16 consecutive months of [plaintiff] working that were never reported nor ever calculated into [plaintiff's average weekly wages]."  Plaintiff, however, made it clear "the heart and soul" of the amended complaint was a state-law tort claim based on the pain and distress he allegedly suffered as a result of the defendants' unreasonable handling of his worker's

compensation claim.[2] (Doc. 5, p. 10). As relief, he sought punitive damages from each defendant.

After reviewing the amended complaint, the court advised plaintiff it appeared to lack subject-matter jurisdiction over the action because the complaint did not allege diversity jurisdiction and the allegations did not implicate a substantial federal question. (Doc. 6). The court, therefore, ordered plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction.

Rather than respond to the court's show cause order, plaintiff submitted what appears to be a second amended complaint. The new complaint does not address the court's concerns about its subject-matter jurisdiction. It identifies the same defendants and contains the same factual allegations as the previous complaints, but indicates plaintiff is suing each defendant for $7,000,000 for fraud.

After reviewing the second amended complaint, the undersigned concludes this case should be dismissed. Plaintiff cannot claim entitlement to workers' compensation benefits in this action, as that claim must be resolved through the Department of Labor's administrative process. *See Watson v. Massman Constr. Co.*, 850 F.2d 219, 224 & n.27 (5th Cir. 1988) (holding court lacked jurisdiction to resolve question of entitlement to benefits under Longshore Act because litigant did

---

[2] The court, therefore, viewed the actions listed in the Statement of Claims as providing the basis for plaintiff's assertion that the defendants handled his workers' compensation claim unreasonably and in bad faith.

Case No. 3:16cv718-MCR-CJK

not comply with statutory administrative scheme and judicial review); *Connors v. Consolidation Coal Co.*, 664 F. Supp. 982, 984 (W.D. Pa. 1987) ("Under the Longshoreman's Act, the district court has jurisdiction to enforce final orders of the Secretary, and does not have jurisdiction to determine benefits *de novo*."). Documents attached to the second amended complaint show plaintiff is currently litigating his entitlement to benefits in proceedings before the U.S. Department of Labor's Office of Workers' Compensation Programs. (Doc. 7, p. 44-46).

Likewise, plaintiff cannot raise state-law claims based on the defendants' handling of his workers' compensation claim. Those claims are likely preempted by the Longshore Act. *See Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808, 812 (5th Cir. 1988) ("[T]he pervasiveness of the LHWCA treatment of the payment of compensation due, and the conflict therewith which necessarily flows from any state penalty scheme respecting failure to pay LHWCA benefits which differs from the scheme of the LHWCA itself, persuade us that [claimant's] state law claims are preempted."); *Barnard v. Zapata Haynie Corp.*, 975 F.2d 919, 920 (1st Cir. 1992) (finding the Longshore Act "to be [plaintiffs'] exclusive remedy for defendants' failure to make timely payments, irrespective of defendants' reasons for nonpayment"); *but see Kuhlman v. Crawford & Co.*, No. 01-6036-CIV, 2002 WL 34368089 (S.D. Fla. Jan. 23, 2002) (concluding "intentional infliction of emotional distress claim was not preempted by the LHWCA, reasoning that the claim alleged

intentional acts during the claims investigation process that caused severe emotional injury to Plaintiff"). Even if the Longshore Act did not preempt plaintiff's state-law claims, the court lacks subject-matter jurisdiction over the claims for the reasons set forth in the court's October 4, 2017, order to show cause. (Doc. 6); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted) ("It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of October, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.